# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED AHMED ELRAWI,<br><br>Plaintiff,<br><br>v.<br><br>SGT. DAVID BURGESS, *et al.*,<br><br>Defendants. | Case No. 5:17-cv-02463 DMG (MAA)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff Mohamed Ahmed Elrawi filed this civil rights action on December 8, 2017. (ECF No. 1.) After amending his complaint as a matter of course (ECF No. 14; *see also* ECF No. 12 (advising Plaintiff to file amended complaint pursuant to Fed. R. Civ. P. 15(a)(1))), Magistrate Judge Suzanne H. Segal screened the First Amended Complaint ("FAC") and dismissed it with leave to amend. (ECF No. 20.) The Court transferred the case to Magistrate Judge Maria A. Audero on June 11, 2018. (ECF No. 25.) Plaintiff filed the operative Second Amended Complaint ("SAC") on June 20, 2018. (ECF No. 27.)

Because Plaintiff is a state prisoner proceeding *in forma pauperis* who seeks redress from officers or employees of a government entity, the SAC is subject to screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). After conducting a thorough review of the SAC, the Court determines that the SAC fails to state a

claim upon which relief may be granted. Accordingly, the SAC is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court grants leave to amend the deficiencies identified below.

I. **FACTUAL ALLEGATIONS**

Plaintiff is an inmate at Avenal State Prison. (*See* SAC at 9.)[1] Plaintiff sues five employees of the San Bernardino County Sheriff's Department ("SBCSD"): (1) Sergeant David Burgess, (2) Deputy David Fratt, (3) Sergeant M. Juarez, (4) Detective M. Mason, and (5) Deputy Allan Pennington. (*Id.* at 10-11.) Plaintiff sues Defendants in their individual and official capacities. (*Id.*) The Court summarizes Plaintiff's SAC as follows:

Plaintiff owned and operated a towing and roadside assistance company in Victorville, California. (*Id.* at 4.) On December 7, 2015, five days after terror attacks in San Bernardino, Plaintiff confronted a neighbor about vandalism to his vehicles and the theft of vehicle batteries. (*Id.* at 3-4, 12.) According to Plaintiff, he left the confrontation to respond to a service call. (*Id.*)

The same day, SBCSD received a call reporting that someone was brandishing a weapon at the apartment complex where Plaintiff lived. (*Id.* at 4, 12-13.) According to witness testimony recounted in Defendant Fratt's report,[2] after

---

[1] Because the SAC contains unnumbered pages interrupting the pagination on the form civil rights complaint, the Court cites the page numbers generated by ECF. The Clerk is directed to attach to this Order a copy of the SAC bearing the ECF-generated pagination.

[2] The SBCSD reports are not attached to the SAC, but they are attached to the FAC. (*See* ECF No. 14, at 13, 16-19, 22-25.) Generally, the Court may not evaluate a pleading by looking to information or evidence outside its four corners. *See In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066 (N.D. Cal. 2010). However, because Plaintiff extensively relies on the reports and statements made in them as the subjects of his claims (*see, e.g.*, SAC at 18-19 (identifying and citing a report with a racial descriptor as violating Plaintiff's civil rights)), the Court may consider them under the incorporation-by-reference doctrine. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions [its] authenticity . . . ."). Pursuant to this doctrine, the Court also considers the December 9, 2015 *Victorville Daily Press* article quoting Burgess. (ECF No. 14, at 27-30.)

2

confronting the neighbor, Plaintiff entered his own apartment and exited with a large sword and chased the neighbor around the complex. (ECF No. 14, at 16.) Fratt's report recounts witness interviews establishing that "[Plaintiff] was swinging the sword at [the neighbor] while saying he 'would kill and die for Allah.'" (*Id.*; *accord id.* at 17-18.) Plaintiff avers that the information gathered by the SBCSD was not credible because the witnesses were "unlearned, uneducated, media influenced, [and] Islamophobi[c]." (SAC at 7.)

Fratt prepared a *Ramey* warrant[3] and a search warrant, which were signed by San Bernardino Superior Court Judge Nakata. (*See id.* at 10, 17; *see also* ECF No. 14, at 18, 22.) The warrant was executed the evening of December 7. (*See* ECF No. 14, at 18.) Plaintiff states that Fratt, Mason, Pennington, and Juarez participated in the search of Plaintiff's home. (*See* SAC at 15-16.) The SBCSD seized two swords, two methamphetamine pipes, a Quran, booklets written in Arabic, a Bible that "had written statements inside stating it was a false religion," and a desktop computer. (*Id.* at 13; ECF No. 14, at 19.)

Plaintiff was arrested in the early morning of December 8, 2015. (SAC at 13-14.) On December 9, 2015, local news outlets, including the *Victorville Daily Press*, published stories regarding Plaintiff's arrest. (*See id.* at 14.) In the *Victorville Daily Press* story, Burgess stated that the property seized from Plaintiff's residence suggested that Plaintiff may have been radicalized. (*See id.*; *see also* ECF No. 14, at 28 (quoting Burgess, who stated that investigators were led to believe that "Elrawi may have been a radicalized Muslim").)

Plaintiff was charged with attempted murder. (SAC at 5.) He eventually pleaded *nolo contendere* to assault with a deadly weapon. (*Id.* at 6.) As a result of the media coverage, Plaintiff avers, he suffered verbal abuse by a deputy at the detention center and physical assaults by inmates. (*Id.* at 1-2, 6; *see id.* at 23-25

---

[3] "Before the filing of criminal charges, the court may authorize a residential arrest by issuing a so-called *Ramey* warrant . . . ." *Goodwin v. Superior Court*, 90 Cal. App. 4th 215, 218 (2001) (citing *People v. Ramey*, 16 Cal. 3d 263 (1976), and Cal. Penal Code § 817).

3

(grievance paperwork regarding alleged verbal abuse by Deputy Williams).)[4] After Plaintiff's wife took over the towing business upon Plaintiff's arrest, the business faltered because vendors and clients ended business relations due to the media spotlight on Plaintiff. (*See id.* at 2-3.)

Plaintiff alleges five claims: (1) "deprivation of property/religious property, way of life and violation of Plaintiff's religious and civil rights"; (2) "intentional discrimination and violation of Free Ex[]ercise"; (3) "intentional violation due to profile of Plaintiff's race, nationality, and religious background"; (4) "direct and/or indirect personal injury and loss of business and revenue"; (5) "violation of First and Fourteenth Amendment right." (*Id.* at 12.) Plaintiff does not identify which theories he brings against which Defendants.

Plaintiff seeks $150,000 in monetary damages "for the loss of business and income from business[,] to be divided equally between defendants or any way the Court deems reasonable," and $300,000 in punitive damages for the same. (*Id.* at 21.) Plaintiff also seeks "[a] public apology by all defendants in the very same newspaper and media," and any and all other relief the Court deems available. (*Id.*)

## II. **LEGAL STANDARD**

Federal courts must conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity (28 U.S.C. § 1915A(a)), or in which a plaintiff proceeds *in forma pauperis* (28 U.S.C. § 1915(e)(2)(B)). The court must identify cognizable claims and dismiss any complaint, or any portion thereof, that is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks

///

---

[4] Although Plaintiff indicates that this abuse at the detention center was the direct result of media coverage painting him as a possible radicalized Muslim (SAC at 1-2), he does not seek recovery from Deputy Williams or the unnamed inmates (*see id.* at 21 (request for relief).

4

monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

When screening a complaint to determine whether it fails to state a claim upon which relief can be granted, courts apply the Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") standard. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to § 1915(e)(2)(B)(ii)). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8 ("Rule 8"), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013). In reviewing a motion to dismiss, the court will accept factual allegations as true and view them in the light most favorable to the plaintiff. *See Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017) (citing *N.M. State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011). Although "detailed factual allegations" are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Conclusory allegations of law . . . are insufficient . . . ." *Park*, 851 F.3d at 918 (first ellipsis in original) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001)). Rather, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

5

the misconduct alleged." *Iqbal*, 556 U.S. at 662. "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Where a plaintiff is *pro se*, particularly in civil rights cases, courts should construe pleadings liberally and afford the petitioner any benefit of the doubt. *See Wilhelm*, 680 F.3d at 1121. "[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr*, 652 F.3d at 1216. A court should grant a *pro se* plaintiff leave to amend a defective complaint "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar*, 698 F.3d at 1212.

## III. DISCUSSION

### A. Plaintiff fails to state a claim against Defendants in their official capacities.

Despite having named the five Defendants in this action solely in their individual capacities in a prior complaint (ECF No. 14, at 2), Plaintiff names them in the SAC in both their individual and official capacities (SAC at 10-11).

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. . . . Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citations and quotation marks omitted); *accord Cmty. House, Inc. v. City of Boise*, 623 F.3d 945, 966-67 (9th Cir. 2010) (quoting *Graham*, 473 U.S. at 165-66).

"[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 166.

Local governments and municipalities are "persons" subject to liability under 42 U.S.C. § 1983 ("Section 1983"), and thus are not wholly immune from suit under Section 1983. *See Monell*, 436 U.S. at 690. However, "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. Instead, a local government is liable in a Section 1983 action only if the plaintiff's "injury was inflicted pursuant to the local government's policy, regulation, custom, or usage." *Chew v. Gates*, 27 F.3d 1432, 1444 (9th Cir. 1994) (citing *Monell*, 436 U.S. at 690-691); *accord Lozman v. City of Riviera Beach*, 138 S. Ct. 1945, 1951 (2018) (local government liability lies only where a plaintiff's "harm was caused by the implementation of 'official municipal policy'" (quoting *Monell*, 436 U.S. at 691)). The local government policy "need only cause a constitutional violation; it need not be unconstitutional per se." *Jackson v. Gates*, 975 F.2d 648, 654 (9th Cir. 1992). Local government policy "'causes' an injury where it is the 'moving force' behind the constitutional violation, or where 'the [local government] is itself the wrongdoer.'" *Chew*, 27 F.3d at 1444 (citations omitted). There must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Here, Plaintiff's naming of SBCSD-employee Defendants in their official capacities effectively names the County of San Bernardino ("County") as a Defendant. *See Graham*, 473 U.S. at 166. The SAC does not identify any specific County policy or custom that caused Plaintiff's injuries. Instead, the SAC indicates that individual County agents, under color of state law, violated Plaintiff's constitutional rights. (*See, e.g.*, SAC at 17 ("Sgt[.] Burgess knew or should have known that an assumption of radicalization and terrorist connection, without good

7

cause, could and would have extreme impact . . . .").) These acts, without more facts, do not support a theory that the County had an official policy that led to the constitutional violations Plaintiff identifies. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents.") Nor can Plaintiff state a claim against the County under a theory of vicarious liability. *See Monell* at 691.

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), the SAC is dismissed with leave to amend. In any amended complaint, Plaintiff should correct the defects detailed above or risk the Court's recommendation of dismissal with prejudice.

### B. Plaintiff's civil rights claims fail to meet federal pleading standards.

42 U.S.C. § 1983 ("Section 1983") provides a cause of action against "every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). The purpose of Section 1983 is "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Id*. To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The SAC establishes facts sufficient to show that Defendants acted under color of state law in their roles as officers of the SBCSD. (*See, e.g.*, SAC at 16 (stating that Burgess acted as spokesperson for the SBCSD by giving statements to the media).) But Plaintiff neglects to associate Defendants' acts with violations of

his civil rights.

      Plaintiff's SAC runs afoul of Federal Rule of Civil Procedure 8, which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). These pleading standards aim to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original) (citation and quotation marks omitted). The Supreme Court advises that while a complaint "does not require 'detailed factual allegations,'" it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] naked assertion . . . without some further factual enhancement" is not enough. *Twombly*, 550 U.S. at 557. Moreover, a complaint that is too verbose, long, confusing, redundant, irrelevant, or conclusory may be dismissed for failure to comply with federal pleading standards. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (citing cases upholding dismissals for those reasons).

      Four of Plaintiff's five claims use language invoking federal civil rights: (1) "deprivation of property/religious property, way of life and violation of Plaintiff's religious and civil rights"; (2) "intentional discrimination and violation of Free Ex[]ercise"; (3) "intentional violation due to profile of Plaintiff's race, nationality, and religious background"; and (5) "violation of First and Fourteenth Amendment right." (SAC at 12.) The SAC elsewhere identifies acts of which Plaintiff complains, including (1) the investigation of the December 7, 2015 incident that led to the issuance and execution of a search warrant, resulting in the seizure of Plaintiff's Quran and other religious materials (*see, e.g.*, SAC at 17); (2) the interrogation techniques used by Defendant Mason (*see id.* at 15, 18); (3) the statements in the SBCSD reports regarding the incident (*see id.* at 18-19); and

(4) the statements Defendant Burgess made to the press, including *Victorville Daily Press*, indicating that investigators believed Plaintiff "may have been a radicalized Muslim" (ECF No. 14, at 28; *see* SAC at 16).

Yet Plaintiff does not logically connect the rights violations he asserts with the acts of which he complains. The Court is unable to determine the bounds of Plaintiff's Section 1983 claims and suspects that even a reasonable defendant would have the same difficulty. For example, the SAC is uncertain as to whether Plaintiff asserts that the statements Defendant Burgess made to the press violated his First Amendment right to free exercise of his religion, his First Amendment right to be free from government disparagement of his religion, his Fourteenth Amendment right to equal protection, his Fourteenth Amendment right to due process, or any other right.

Indeed, it is unclear what rights Plaintiff seeks to vindicate. The Order dismissing the FAC with leave to amend specifically noted that several of the constitutional amendments Plaintiff invoked had different facets—for example, the difference between an Establishment Clause and Free Exercise Clause claim (*see* ECF No. 24, at 11-14), and between a substantive and procedural Due Process Clause claim (*see id.* at 15-16). Plaintiff invokes his "First and Fourteenth Amendment right" (SAC at 12) without delineating the theory or theories of constitutional rights his claims seek to vindicate.

Plaintiff's request for relief further muddles his claims. Plaintiff seeks compensatory and punitive relief "for the loss of business and income from business." (SAC at 21.) Even if the acts of which Plaintiff complains indeed deprived him of his rights, the recovery he requests is disconnected from at least some of the acts grounding his claims. For example, Plaintiff fails to connect a loss of business revenue to the seizure of his Quran or the statements made in SBCSD reports.

///

A complaint is ripe for dismissal where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). The Court does not have enough information to tell what theories Plaintiff seeks to bring to recover what relief against which Defendants for which acts. It is neither the Court's nor Defendants' obligation to parse which acts are alleged to have violated which rights. *See McHenry*, 84 F.3d at 1179 ("[T]he judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what."). The SAC does not give Defendants sufficient notice of Plaintiff's theory of the case; thus, it does not satisfy federal pleading requirements. *Starr*, 652 F.3d at 1216 ("[A]llegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), the SAC is dismissed with leave to amend. In any amended complaint, Plaintiff should correct the defects detailed above or risk the Court's recommendation of dismissal with prejudice.

### C. Plaintiff fails to state a claim under California tort law.

In the Order dismissing Plaintiff's prior pleading with leave to amend, the Court noted that Plaintiff failed to allege that he presented tort claims to the government within six months after the accrual of the claim. (ECF No. 24, at 19-20.) The Court cautioned Plaintiff "not [to] assert any such [tort] claims in an amended complaint unless he [could] show that he presented his tort claim to the appropriate agency prior to filing suit, or explain why exhaustion should be excused under the particular circumstances of this case." (*Id.* at 20.)

In the SAC, Plaintiff brings an unspecified tort claim (*see* SAC at 12

11

(alleging "direct and/or indirect personal injury and loss of business and revenue")), and he appears to seek redress for losses his business incurred due to terrorism suspicions caused by SBCSD statements to the media (*see id.* at 1-2, 21). As a threshold matter, Plaintiff's failure to identify a specific theory of tort under which he seeks recovery renders his claim insufficiently pleaded. *See* Fed. R. Civ. P. 8(a)(2); *Starr*, 652 F.3d at 1216 (a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively").

In addition, Plaintiff fails to address compliance with or excuse from the claim presentation requirement of the California Tort Claims Act. *See* Cal. Gov't Code § 810, *et seq.* To bring a claim against a current or former California state or local public employee to recover money damages for an injury resulting from an act or omission within the scope of the employee's public employment, a claimant must present the claim within six months after the accrual of the cause of action to the employing public entity before bringing the action. Cal. Gov't Code §§ 911.2(a), 945.4, 950, 950.2, 950.6; *see also Robinson v. Alameda Cty.*, 875 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012) (outlining the statutory scheme). The claimant must present to the employing entity the circumstances giving rise to the claimed damages and identify the public employee who caused the damages (*see* Cal. Gov't Code § 910(c)-(e)), and the employing public entity must reject the claim before the claimant can proceed to court (*see id.* § 950.6).

No court suit for damages may be maintained until a written claim has been presented to and rejected by the public entity. *Id.* §§ 945.4, 950.6; *see also Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1243-45 (2004). A tort claim against a public employee is subject to dismissal if a plaintiff fails to plead compliance or excuse from compliance with this claim presentation requirement. *See Pickering v. Enenmoh*, 722 F. App'x 695, 696 (9th Cir. 2018) ("Claim presentation

12

requirements under the California Government Claims Act . . . are elements of the plaintiff's cause of action and conditions precedent to the maintenance of the action." (citation and quotation marks omitted)); *Bodde*, 32 Cal. 4th at 1243 ("[A] plaintiff must . . . allege in his complaint that he has complied with the claim [presentation] statute in order to state a cause of action against a public employee." (quoting *Burgdorf v. Funder*, 246 Cal. App. 2d 443, 447 (Cal. Ct. App. 1966))).

Plaintiff's SAC does not allege any facts suggesting he complied with or was excused from complying with the claim presentation requirement. Presumably in response to Judge Segal's concerns with the presentation requirement, after filing the SAC, Plaintiff filed two "declarations" with the Court indicating that Plaintiff had requested tort claim forms from the County. (*See* ECF No. 27, at 1 ("Plaintiff[] attempted during confinement at County Jail to file claims with County of San Bernardino."); ECF No. 28, at 3-4 (letters of March 29, 2016 and August 10, 2016 from Plaintiff to the San Bernardino County Clerk requesting tort claims forms).) The Court cannot consider these later-filed documents in determining whether Plaintiff stated a claim in the SAC. *See Gerritsen v. Warner Bros. Entm't*, 112 F. Supp. 3d 1011, 1019 (C.D. Cal. 2015) (Applying the Rule 12(b)(6) standard, "the court generally looks only to the face of the complaint and documents attached thereto."). Because the later-filed documents are not (1) attached to the SAC, (2) incorporated by reference in the SAC, or (3) proper subjects of judicial notice, the Court cannot consider them in determining whether Plaintiff has stated compliance with the claim presentation requirement. *See id.* at 1020 (quoting *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003)).

Even if the Court were to consider the later filings in its screening inquiry, however, the documents do not provide facts showing Plaintiff presented or was excused from presenting his claims. The letters Plaintiff sent to the County Clerk are inadequate. The contents of a presented claim must include "[t]he date, place and other circumstances of the occurrence or transaction which gave rise to the

13

claim asserted," "[a] general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim," and "[t]he name or names of the public employee or employees causing the injury, damage, or loss, if known." Cal. Gov't Code § 910(c)-(e). Neither of Plaintiff's letters to the County Clerk contain details describing the tort claims Plaintiff sought to present; they merely request the "current claim against the county form for the purpose of filing a tort claim." (ECF No. 28, at 3-4.) Moreover, the letters refer to tort claims against the County—*not* against SBCSD-employee Defendants. (*Id.* at 3-4.) Thus, these letters are not probative of Plaintiff's fulfilment of claim presentation as to the individual Defendants to this suit.

To the extent these letters are Plaintiff's attempt to show excuse from the claim presentation requirement due to the County's nonresponse to his correspondence, this Court is not vested with the authority to excuse. "The proper court" in which to file a petition for an order relieving a claimant from the presentation requirement "is a *superior court* that would be a proper court for the trial of an action on the cause of action to which the claim relates." Cal. Gov't Code § 946.6(a) (emphasis added). Given the plain meaning of the statute, this United States District Court lacks the authority to determine that Plaintiff should be excused from the claim presentation requirement. *See, e.g., Guerrero v. Cty. of Alameda*, No. C 18-02379 WHA, 2018 U.S. Dist. LEXIS 129212, at *8, 2018 WL 3646818, at *3 (N.D. Cal. Aug. 1, 2018) ("Federal district courts do not have the authority to grant the relief [from the presentation requirement] requested . . . . [T]he majority of district courts in this circuit interpret [§ 946.6] as referring only to state superior courts, not federal district courts."). Plaintiff has not alleged any facts suggesting a state superior court has granted him an excuse.

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), the SAC is dismissed with leave to amend. In any amended complaint, Plaintiff should correct

the defects detailed above or risk the Court's recommendation of dismissal with prejudice.

### D. Plaintiff has neither authority nor standing to assert claims on behalf of his wife.

Plaintiff implies that the seizure of the Quran deprived his wife of her constitutional rights. (*See* SAC at 5-6 ("By seizing/confiscating the Quran the sheriff staff . . . deprive[d] Plaintiff from his civil/religious rights . . . . This to include Plaintiff wife too.").) Reading the SAC liberally and in the light most favorable to Plaintiff, Plaintiff's allegations regarding losses to his towing business imply that his wife may have an ownership or other fiduciary interest. (*See id.* at 2-3 ("When Plaintiff was arrested . . . Plaintiff's wife . . . assumed control of the Plaintiff's small towing/transportation business . . . .").) Plaintiff's SAC fails to establish the Court's subject matter jurisdiction over any claim arising from factual allegations regarding his wife.

Parties to a lawsuit enjoy the privilege to "plead and conduct their own cases personally." 28 U.S.C. § 1654. But a *pro se* plaintiff does not have the authority to assert others' claims vicariously. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. . . . He has no authority to appear as an attorney for others than himself."); *see also Simon v. Hartford Life Ins. Co.*, 546 F.3d 661, at 664-65 (9th Cir. 2008) (citing cases "adher[ing] to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity."). The court may address a vicariously-asserted claim when it screens a civil rights complaint. *See Lofthus v. Long Beach Veterans Hosp.*, 214 F. Supp. 3d 908, 913 (C.D. Cal. 2016) (directing plaintiff not to assert claims on behalf of other persons upon initial screen of *in forma pauperis* prisoner's complaint).

Federal courts are obliged to determine jurisdiction before proceeding to the merits of a case. *See Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits."). A federal court lacks subject matter jurisdiction if the plaintiff fails to establish the elements of Article III standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To do so, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547. Plaintiffs must allege "a personal stake in the outcome of the controversy as to . . . justify [the] exercise of the court's remedial powers on [their] behalf." *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017) (alterations in original) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976)).

To the extent Plaintiff asserts claims or seeks relief on behalf of his wife, he cannot represent her, and he does not have standing to bring claims for injuries she suffered. Plaintiff has not pleaded any facts suggesting that he can seek relief on her behalf. *Coal. of Clergy, Lawyers, & Professors v. Bush*, 310 F.3d 1153, 1163 (9th Cir. 2002) ("It is a well-established rule that a litigant my assert his own legal rights and interests and cannot rest a claim to relief on the legal rights or interests of third parties.").

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), the SAC is dismissed with leave to amend. In any amended complaint, Plaintiff should correct the defects detailed above or risk the Court's recommendation of dismissal with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the SAC with **LEAVE TO AMEND.**

16

If Plaintiff still wishes to pursue this action, he shall file a Third Amended Complaint within **thirty (30) days** after the date of this Order. In any amended complaint, Plaintiff shall cure the defects described above. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the SAC. The Third Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Third Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any previously filed complaint in this matter.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff strongly is encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims. Plaintiff strongly is encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation. Plaintiff also is advised to omit any claims for which he lacks a sufficient factual basis.

**The Court explicitly cautions Plaintiff that failure to timely file a Third Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action, or portions thereof, be dismissed with prejudice for failure to prosecute and/or failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).**

If Plaintiff no longer wishes to pursue this action in its entirety or with respect to particular Defendants or claims, he voluntarily may dismiss all or any part of this action by filing a Notice of Dismissal in accordance with Federal Rule

of Civil Procedure 41(a)(1). **A form Notice of Dismissal is attached for Plaintiff's convenience.**

Plaintiff is advised that this Court's determination herein that the allegations in the FAC are insufficient to state a particular claim should not be seen as dispositive of the claim. Accordingly, although the undersigned Magistrate Judge believes Plaintiff has failed to plead sufficient factual matter in the pleading, accepted as true, to state a claim for relief that is plausible on its face, Plaintiff is not required to omit any claim or defendant in order to pursue this action. However, if Plaintiff decides to pursue a claim in an amended complaint that the undersigned previously found to be insufficient, then pursuant to 28 U.S.C. § 636, the undersigned ultimately may submit to the assigned District Judge a recommendation that such claim may be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file objections. See Fed. R. Civ. P. 72(b); C.D. Cal. L.R. 72-3.

IT IS SO ORDERED.

DATED: Sept. 5, 2018

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE